UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JEFFREY L. HUDACEK,                    )
                                        )
        Plaintiff,                      )
                                        )
    vs.                                 )        Case No. 4:09CV00312 ERW
                                        )
ERIC K. SHINSEKI, Secretary, Department )
of Veterans Affairs,                    )
                                        )
        Defendant.                      )

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Motion to Strike [doc. #15] and

Defendant's Motion for Summary Judgment [doc. #23].

## I.    BACKGROUND FACTS[1]

This case arises out of Plaintiff Jeffrey L. Hudacek's ("Plaintiff") employment as a part-

time housekeeping aid at the Veterans Administration Jefferson Barracks Medical Center in St.

Louis, Missouri.  Plaintiff claims that the Veterans Administration discriminated against him on

the basis of his disability in passing him over for a full-time position as Lead Mail Clerk.

The Veterans Administration announced the vacancy for the Lead Mail Clerk position in

November of 2004.  The position required one year of specialized experience at the GS-04 level –

"[e]xperience that equipped the applicant with the particular knowledge, skills and abilities to

perform successfully the duties of the position and that is typically in or related to the position to

---

[1] The Court's recitation of the facts is taken from Defendant's Statement of
Uncontroverted Facts [doc. #24].  Plaintiff did not respond to that document, and the facts therein
are therefore admitted for purposes of Defendant's Motion for Summary Judgment.  *See* Local
Rule 7-4.01(E) ("All matters set forth in the statement of the movant shall be deemed admitted for
purposes of summary judgment unless specifically controverted by the opposing party.").

be filled" – or four years of education above the high school level.  Plaintiff applied but was not selected for the position, ostensibly based on a lack of the necessary specialized experience, although Plaintiff believes that his prior employment with the United Parcel Service ("UPS") was sufficient to qualify him for the position.

Upon learning that he had not been selected, Plaintiff filed a complaint of employment discrimination with the Equal Employment Opportunity Commission ("the EEOC").  After an initial review and several amendments when Plaintiff obtained union representation, the EEO Investigator proceeded to investigate five claims:

> Claim A: Whether based on reprisal management discriminated against the Complainant when he was non-selected (March 1, 2005) for the Lead Mail Clerk Position . . .

> Claim B: Whether based on reprisal management discriminated against the Complainant in the assignment of duties (March 3, 2005) when he was denied additional work hours and he was not converted from part-time duties to full-time duties.

> Claim C: Whether on the basis of reprisal (for prior EEO activity) the Complainant was treated in a disparate manner when he was placed on a performance improvement plan (PIP) on or about July 26, 2005.

> Claim D: Whether on the basis of reprisal (for prior EEO activity) the Complainant was treated in a disparate manner when he was not offered overtime or holiday work. . . . .

> Claim E: Whether based on reprisal management discriminated against the Complainant in the assignment of duties (August 22, 2005).  The Complainant refers to the assignment of duties as harassment.

Following the investigation, Plaintiff's claims were heard by two EEOC Administrative Law Judges, both of whom ruled against Plaintiff and in favor of the Veterans Administration.  The decision, dated March 7, 2006, informed Plaintiff of his right to file an appeal within thirty calendar days.  Plaintiff did not file his appeal until January 24, 2007, however, and it was dismissed by the EEOC as untimely.  The decision dismissing Plaintiff's appeal notified him of his

right to file a civil action within ninety days, and Plaintiff timely filed this suit against Defendant

Eric K. Shinseki ("Defendant"), Secretary of the Department of Veterans Affairs, in response.

Plaintiff alleges discrimination on the basis of his disability[2] in violation of the Rehabilitation Act

of 1973 and the Americans with Disabilities Act ("ADA"), and he seeks a promotion to a full-time

position and back pay.

## II.     MOTION TO STRIKE

Defendant argues that Plaintiff's claim under the ADA must be dismissed because

employment discrimination claims against federal agencies must be brought under the

Rehabilitation Act.  The Court agrees that the ADA does not provide for a cause of action for

employment discrimination against the federal government.  *See* 42 U.S.C. § 12111(5)(B)

("employer" for purposes of the ADA does not include the United States); *see also Carroll v.*

*Potter*, 163 F. App'x 450, 450-51 (8th Cir. 2006) (per curiam) ("[W]e agree with the district

court that [the plaintiff] could not file suit under the ADA to redress alleged discrimination

occurring during his tenure as a federal employee . . . .") (internal citation omitted); *Henrickson v.*

*Potter*, 327 F.3d 444, 446 (5th Cir. 2003) ("[T]he ADA . . . does not permit discrimination

actions against the federal government.").  In any event, however, as Defendant acknowledges,

the elements and standards for a disability discrimination claim under the Rehabilitation Act are

the same as those for a claim under the ADA.  *See* 29 U.S.C. § 791(g); *see also Barnes v.*

---

[2] Plaintiff has also asserted, without any further discussion, that he was discriminated against on account of his race, but his Complaint only alleges violations of the ADA and the Rehabilitation Act.  The Court therefore declines to consider his allegations of racial discrimination, noting that Plaintiff used a form complaint which provided him with the express option of suing under Title VII for employment discrimination on the basis of race, color, religion, gender, or national origin.

*Gorman*, 536 U.S. 181, 184-85 (2002). Accordingly, Plaintiff's ADA claim against Defendant will be stricken because it does not state a valid claim.

## II.     MOTION FOR SUMMARY JUDGMENT

Defendant argues that Plaintiff's Rehabilitation Act claim must be dismissed for lack of jurisdiction because Plaintiff failed to exhaust his administrative remedies.

Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of his or her disability . . . be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency." Nevertheless, a federal employee must first exhaust his administrative remedies by filing a complaint with the EEOC before bringing an employment discrimination claim under the Rehabilitation Act. *See, e.g.*, *Ballard v. Rubin*, 284 F.3d 957, 964 n.6 (8th Cir. 2002) ("Administrative remedies must be exhausted before a federal employee may bring an employment discrimination claim against a federal employer.") (internal quotations and citations omitted); *McAlister v. Sec'y of Dep't of Health & Human Servs.*, 900 F.2d 157, 158 (8th Cir. 1990) ("Failure to exhaust [administrative] remedies is fatal where . . . the claim against an agency is asserted under 29 U.S.C. § 794 . . . ."). Courts are instructed, however, to construe administrative charges liberally in order to serve the remedial purposes of employment discrimination laws, and for this reason, a plaintiff may "seek relief for any discrimination that grows out of or is like or is reasonably related to the substance of the allegations in the administrative charge." *Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875, 886-87 (8th Cir. 1998).

Having reviewed the EEOC's decision on Plaintiff's administrative complaint, the Court concludes that Plaintiff failed to exhaust his administrative remedies. Plaintiff did not allege, and

the Administrative Law Judges therefore did not consider, any claims concerning discrimination Plaintiff experienced based on his disability. Indeed, all of Plaintiff's claims in that complaint alleged that he experienced adverse employment decisions or disparate treatment due to previous EEO activity. As such, Defendant did not have an opportunity to respond to Plaintiff's assertions, and the EEOC did not have an opportunity to perform its functions of investigating and evaluating employment discrimination claims by federal employees. *See Wallin v. Minn. Dep't of Corr.*, 153 F.3d 681, 688 (8th Cir. 1998) (claim dismissed for failure to exhaust administrative remedies because "[a]llowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge") (internal quotations and citation omitted).

The Court therefore concludes that Defendant is entitled to judgment in his favor due to Plaintiff's failure to exhaust his administrative remedies, but instead of granting summary judgment, the Court will dismiss Plaintiff's claim without prejudice in the event he may be able to pursue it through the EEOC. *Cf. Jones v. Douglas County Corr. Ctr.*, 306 F. App'x 339, 340 (8th Cir. 2009) (unpublished disposition) (modifying dismissal with prejudice for failure to exhaust administrative remedies to dismissal without prejudice); *Fargus v. United States*, 334 F. App'x 40, 40-41 (8th Cir. 2009) (unpublished disposition) (same).[3]

---

[3] The Court also notes that Defendant's Motion for Summary Judgment could have been filed as a motion to dismiss, as the administrative record was the only evidence submitted in support of the motion. *See Deerbrook Pavilion, LLC v. Shalala*, 235 F.3d 1100, 1102 (8th Cir. 2000) (court may consider administrative record in ruling on motion to dismiss without converting it into a motion for summary judgment).

## IV.    CONCLUSION

Defendant's Motions will be granted.  The Court strikes Plaintiff's ADA claim from his Complaint because an employment discrimination claim by a federal employee against the federal government must be brought under the Rehabilitation Act.  Defendant is also entitled to judgment in his favor on Plaintiff's Rehabilitation Act claim because Plaintiff failed to exhaust his administrative remedies.  Although Plaintiff filed a complaint with the EEOC seeking the same relief, he never previously alleged that he was discriminated against based on his disability, and the Veterans Administration and the EEOC therefore never had the opportunity to investigate or evaluate the substance of this claim.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike [doc. #15] is **GRANTED**.  Plaintiff's claim under the Americans with Disabilities Act is stricken from Plaintiff's Complaint [doc. #1].

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [doc. #23] is **GRANTED**.  Because the Motion could have been brought as a motion to dismiss, however, and because the basis for the Court's ruling is Plaintiff's failure to exhaust his administrative remedies, the Court modifies its ruling on this Motion for Summary Judgment to a dismissal without prejudice of Plaintiff's claim under the Rehabilitation Act of 1973.

Dated this 26th Day of April, 2010.

_E. Richard Webber_
_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE